## WILLIAM DWIGHT *vs.* ENOCH R. MUDGE & another.

Upon the dissolution of a partnership, one of the partners took an assignment of the other's interest in the joint property, and afterwards agreed with their lessor that the lessor should release him from the lease at a future day, and receive his rent until that day, and afterwards receive the rents of his undertenants. *Held,* that the unpaid rent accruing after the dissolution of the partnership and before that day was due from him to the lessor, and might be proved against his separate estate in insolvency under a warrant subsequently issued.

APPEAL by the assignees of Enoch Train from a decree of the judge of insolvency allowing the proof against his estate of a claim for rent from the 1st of January to the 1st of May 1857. The case was submitted to the decision of the court upon the following facts :

The plaintiff leased by indenture a portion of a building in Boston for ten years from the 1st of May 1855, to the firm of Enoch Train & Co. (then consisting of Train and Frederick W. Thayer,) who covenanted to pay the rent reserved quarterly, and occupied the premises until the 31st of December 1856, when the firm was dissolved, and by indenture Thayer assigned and conveyed to Train all his interest in all the assets and property of the firm, and Train agreed to assume and pay all the debts of the firm. Train afterwards continued to occupy the premises and carry on the business under the like style of Enoch Train & Co. On the 11th of March 1857 Train, having become embarrassed in business, made a proposition to the

plaintiff, which he by letter of March 20th accepted, as follows :
" I will release you from the lease I hold May 1st next, you pay-
ing me rent as per lease to that date, and you receiving all rents
due previous to that date; any rents earned on good leases
owned by you, but not due May 1st, to be deducted from the
amount to be paid me on the 1st of May, and to be collected
by me when due under leases assigned," namely, the existing
leases from Train to undertenants.   To this Train assented by
letter of March 24th.

The petition to the judge of insolvency was filed on the 6th
of April 1857.   On the 1st of May the plaintiff offered to can-
cel the lease and fulfil the agreement, but Train refused to act
while the petition was pending.

*W. Dwight*, for the plaintiff.

*D. Thaxter*, (*S. Bartlett* with him,) for the defendants.

BIGELOW, J.   We do not see any good reason for denying
the claim of the appellee to have his debt for rent against the
separate estate of the insolvent debtor.   The proof can be well
supported on two grounds.

1. By the indenture of December 31st between the insolvent
debtor and his retiring copartner, the interest of the latter in
the lease of the premises belonging to the appellee was assigned
to the former.   He thereby became liable individually for the
entire rent reserved by the lease ; for one half of it by virtue of
the privity of contract and of estate, created by the lease with
him as original joint lessee of the premises with his copartner ;
for the other half by virtue of the privity of estate created by
the assignment of the interest of his copartner.   An assignee
of a lease is always liable to the lessor by virtue of his enjoy-
ment of the estate under the demise after the assignment has
been assented to by the lessor.   By such assent the privity of
estate is terminated, which subsisted between the original lessee
and lessor, and the former can no longer be held liable for rent
by virtue of such privity only.   *Brett* v. *Cumberland*, Cro. Jac.
521.   1 Saund. 240, note 5.   It is true that after the assign-
ment the retiring copartner was also liable for rent by virtue of
the privity of contract existing under the covenants in the lease

Dwight *v.* Mudge & another.

An assignment of a lease by a lessee, though the lessor assents to it and receives rent from the assignee, will not exonerate the lessee from his liability on his express covenant to pay rent. *Parker* v. *Webb*, 3 Salk. 5. *Auriol* v. *Mills*, 4 T. R. 99. *Wadham* v. *Marlowe*, 8 East, 314 note. *Wall* v. *Hinds*, 4 Gray, 266 But this liability of the original joint lessee for the rent did not in any degree affect the right of the lessor to look to the assignee for that portion of the rent for which he was liable by virtue of the privity of estate created by the assignment. The remedies of the lessor against the lessee and his assignee are concurrent. The insolvent debtor was therefore liable for the entire quarter's rent which accrued subsequently to the assignment and before the application for the benefit of the insolvent law. An action of contract in the nature of debt for rent could have well been maintained against him alone for the entire rent of the premises. The assent of the lessor to the assignment is abundantly shown by the negotiation into which he entered with the debtor for the surrender of the lease, in which he recognized him as having the entire interest in the demised premises.

2. But on another ground, we think it clear that the claim for rent is a proper subject of proof against the separate estate of the debtor. A valid agreement was made between the lessor and the debtor by the letters which passed between them. This agreement was on a good consideration, being based on mutual stipulations which were dependent. Each of them agreed to give up valuable rights and interests, and in consideration of the surrender of the lease by the lessor and of other stipulations, the debtor made a new promise to pay the rent up to the first day of May. This was clearly an independent contract, collateral to the lease. It bound Train only. It was entered into by him in his own name only, after the dissolution of the firm, when he had no right to bind his former copartner by any new agreements for payment of rent. He was thereby clearly liable on it as on his own separate agreement, and the sum which he stipulated to pay may now be proved against his separate estate.

*Decree affirmed.*